Filed 9/18/14  P. v. Figueroa CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>       v.<br><br>MARK ANTHONY FIGUEROA, JR.,<br><br>   Defendant and Appellant. | G049652<br><br>(Super. Ct. No. 08FN0581)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Francisco P. Briseno, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

Defendant Mark Anthony Figueroa, Jr., attacked and stabbed a man, causing his death. Defendant was convicted of second degree murder (count 1), with a true finding he did it for the benefit, at the direction of, or in association with a criminal street gang, and active participation in a criminal street gang (count 2). Defendant admitted he had served a prior prison term. The trial court sentenced defendant to 15 years to life on count 1 and added a consecutive 10-year term for the gang enhancement. It stayed a two-year sentence on count 2 (Pen. Code, § 654 (all further statutory references are to this code), struck the prior prison term for sentencing purposes, and awarded defendant 1,436 days of presentence custody credit.

In *People v. Figueroa* (June 19, 2013, G046456) [nonpub. opn.], we affirmed the convictions but reversed the matter for resentencing because the trial court erroneously imposed the 10-year enhancement under section 186.22, subdivision (b)(1)(C), rather than the 15-year parole minimum required by section 186.22, subdivision (b)(5). (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004; *People v. Campos* (2011) 196 Cal.App.4th 438, 455.)

The trial court resentenced defendant to a 15-years-to-life term for the murder in count 1 and set a 15-year minimum parole eligibility date for the gang enhancement. (§ 186.22, subd. (b)(5).) It then imposed the same terms and fines as it did at the initial sentencing hearing except for increasing the award of presentence custody credit to 2,174 days.

Defendant timely appealed and we appointed counsel to represent him. In her brief, counsel summarized the proceedings and the facts necessary to decide this appeal, and while not arguing against defendant, stated she had found no arguable issues to present. (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]; *People v. Wende* (1979) 25 Cal.3d 436.) Although we notified defendant he could file written argument on his own behalf, the time to do so has passed and no communication has been received from him.

We have reviewed the record according to our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders, supra*, 485 U.S. 738, but found no arguable issues on appeal.

The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.